UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL C. JONES

VERSUS                                          CIVIL ACTION

LOUIS R. DANIEL, ET AL                          NUMBER 10-719-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 29, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL C. JONES

VERSUS                                          CIVIL ACTION

LOUIS R. DANIEL, ET AL                          NUMBER 10-719-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, a pretrial detainee confined in the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Nineteenth Judicial District Court Judge Louis R. Daniel, East Baton Rouge Parish Sheriff Sid Gautreaux, deputy Williams, the East Baton Rouge Parish Office of the Clerk of Court, East Baton Rouge Parish Clerk of Court Doug Welborn, and attorneys Gail Horne Ray, Robert Tucker, Mike Mitchell and Lori Earl.  Plaintiff alleged that he received ineffective assistance of counsel during state court criminal proceedings in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that Judge Daniels persuaded him to accept the appointment of Earl to represent him during criminal proceedings, refused to address his motion to have Earl removed as counsel of record, denied his motion to order the sheriff to house him at the East Baton Rouge Parish Prison, denied his motion to conduct a *Faretta* hearing, granted Ray's motion to withdraw motions filed by him, postponed proceedings and appointed counsel against the plaintiff's will.

Judicial immunity is a question of law which must be determined on the facts of each case.  *Brewer v. Blackwell,* 692

F.2d 387, 390-391 (5th Cir. 1982). A judge is immune from suit for damages resulting from an act performed in his judicial role. The immunity shields the judge unless he acts in the clear absence of all jurisdiction over the subject matter, or in a non-judicial capacity. *Brewer v. Blackwell, supra*, at p. 396. *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983), *cert. denied*, 104 S.Ct. 999 (1984). The immunity applies however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992 (5th Cir. 1989) (citing cases).

The Fifth Circuit Court of Appeals established in *Brewer, supra*, a four-part test to determine whether an act is sufficiently judicial to warrant immunity. Applying that test here, it is clear that Judge Daniel is shielded by absolute immunity and should be dismissed as a defendant in this action.

Plaintiff alleged that he received ineffective assistance of counsel from Ray, Tucker and Earl, who are state public defenders. Plaintiff further alleged that Mitchell failed to adequately train and supervise defendants Ray, Tucker and Earl.

Plaintiff's allegations that his counsel committed legal malpractice may not be pursued through § 1983. An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Because a private attorney's role is independent from the role of the state, any

3

attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). A private attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978). Plaintiff has not alleged that the defendants conspired with any state official to deprive him of his rights.

Plaintiff alleged that motions to dismiss Earl and Ray as counsel of record and for a *Faretta* hearing, which were mailed to the East Baton Rouge Parish Office of the Clerk of Court on July 1 and September 20, 2010, were not received by the clerk even though service copies of the motions were received by opposing counsel. Plaintiff alleged that Clerk of Court Welborn failed to adequately train and supervise employees to ensure that pleadings were not mishandled.

Plaintiff conceded in his complaint that Earl and Ray subsequently withdrew as counsel of record and the court ultimately denied his motion for a *Faretta* hearing.

At most, the plaintiff alleged that unidentified employees of the Clerk of Court negligently handled his pleadings. The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Plaintiff alleged that deputy Williams forced him into a seat outside of Judge Daniel's courtroom, verbally threatened to harm the plaintiff and attempted to intimidate him.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged incident.

Allegations of verbal abuse alone do not present claims under § 1983.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."  *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973).  The allegations against deputy Williams regarding verbal abuse is therefore insufficient to raise a constitutional violation.

Plaintiff named Sheriff Gautreaux as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

5

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.  *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1369 (1987) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 2037 (1978)).  The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act.  *O'Quinn v. Manuel*, 773 F.2d 605, 609, 610 (5th Cir. 1985) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985)).

Plaintiff did not allege any facts to support the existence of a constitutionally deficient policy.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice to any state law claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C.

§1915(e)(2)(B)(i) and without prejudice to any state law claim.

Baton Rouge, Louisiana, October 29, 2010.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

7